UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                v.

JAMES T. STEPHENS,

                Defendant.

**DECISION AND ORDER**

6:19-CR-06197 EAW

---

Defendant James T. Stephens (hereinafter "Defendant") has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Dkt. 50).[1]  For the reasons set forth below, the motion is denied.

## I.      BACKGROUND

Pursuant to the terms and conditions of a plea agreement, on January 10, 2020, Defendant waived indictment and pleaded guilty to a two-count information charging possession of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (count one), and being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count two).  (Dkt. 23; Dkt. 24; Dkt. 25; Dkt. 26).  According to the Presentence Investigation Report ("PSR"), investigators obtained a search warrant for Defendant's residence following multiple controlled purchases of cocaine, heroin, and fentanyl from the residence in April and June 2019.  (Dkt. 29 at ¶¶ 25-29).  Upon searching the residence, officers seized two loaded firearms,

---

[1]      On the same date that the Federal Public Defender filed a motion on Defendant's behalf, a *pro se* motion was filed by Defendant.  (Dkt. 51).  The Court has also considered the arguments made by Defendant in his *pro se* filing.

cocaine, fentanyl, and narcotics packaging paraphernalia. (*Id*. at ¶¶ 29-30). Defendant is 25 years old, and according to the PSR, he has one prior felony conviction for criminal possession of a weapon in the second degree, and Defendant committed the instant offense while on parole for that weapons conviction. (*Id*. at ¶¶ 66, 68). On April 20, 2020, the undersigned sentenced Defendant to 80 months in prison with three years of supervised release to follow. (Dkt. 33; Dkt. 35). This sentence was consistent with the Fed. R. Crim. P. 11(c)(1)(C) plea agreement which called for a sentence of 80 months incarceration—significantly higher than the plea agreement's calculated Sentencing Guideline range of 30 to 37 months[2] incarceration based on the government's agreement to forgo prosecution pursuant to 18 U.S.C. § 924(c)(1) (requiring a mandatory minimum 60-month consecutive sentence). (*See* Dkt. 25 at ¶ 25). Also consistent with the plea agreement, the sentence was imposed to run concurrently with Defendant's state sentence for parole revocation under Onondaga County Court case number 2015-0913-2. (Dkt. 35 at 2; *see* Dkt. 29 at ¶ 66).

Defendant is currently housed within the Bureau of Prisons ("BOP") at McKean (Medium) Federal Correctional Institution ("FCI McKean") with a scheduled release date of December 24, 2025. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 21, 2024). Defendant previously sought

---

[2] Although the plea agreement calculated the Sentencing Guidelines as recommending a 30 to 37 month prison sentence, the PSR that was adopted by the Court calculated the Sentencing Guidelines as recommending a 57 to 71 month prison sentence. (Dkt. 29 at ¶ 74). The difference was attributable to the plea agreement failing to account for the fact that the firearm Defendant possessed had the capability of accepting a large capacity magazine, resulting in a higher base offense level for the firearm count.

a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) which was denied by this Court (Dkt. 46) and affirmed by the Court of Appeals for the Second Circuit (Dkt. 49).

Defendant argues that his post-sentence rehabilitative efforts warrant a sentence reduction.  (Dkt. 56 at 2).  Defendant cites to the fact that he has earned all of his good behavior credit (over 162 days of good time), he earned his GED while incarcerated, he has taken advantage of at least 216 hours of educational programming, and he has maintained employment while incarcerated.  (*Id*. at 2-3).[3]  Defendant also cites to his health issues which served, in part, as the basis for his previously-denied motion pursuant to 18 U.S.C. § 3582(c)(1)(A).  (*Id*. at 3).  Defendant requests that his sentence be reduced to 72 months, reflecting a sentence nine months higher than the high end of the newly calculated Sentencing Guideline range.[4]  (*Id*. at 4).[5]

The government opposes Defendant's motion, arguing that the agreed-upon sentence of 80 months in prison recognized that the government was foregoing prosecution of the 924(c)(1) offense and supported a concurrent sentence to the state parole sentence. (Dkt. 55 at 6).  The government also cites to the seriousness of Defendant's offenses which

---

[3]     According to the Abbreviated Supplemental Presentence Report dated January 10, 2024, Defendant received one disciplinary incident for being insolent to a staff member and on August 18, 2023, was sanctioned with 20 days loss of tablet privileges.  (Dkt. 53 at 2).  This incident is not addressed in the parties' submissions.

[4]     Based on Part A of Amendment 821 to the Sentencing Guidelines, Defendant's criminal history category is reduced to II.  With an offense level of 23, the recommended prison sentence under the Sentencing Guidelines is 51 to 63 months.  (*See* Dkt. 53).

[5]     Defendant submits that the Court sentenced him nine months above the high end of the previously-calculated Sentencing Guideline range of 57 to 71 months, calculated based on an offense level of 23 and a criminal history category of III.  (Dkt. 56 at 1, 4).

included possession with intent to distribute fentanyl and possession of firearms (namely, a loaded semiautomatic pistol and a loaded shotgun).  (*Id*. at 7).  Defendant was not authorized to possess the firearms because of his prior felony conviction.  (*Id*.).  Moreover, Defendant willfully obstructed justice by directing another individual during a jail call "to find someone to take responsibility for possessing the" firearm(s).  (*Id*.).  This attempt almost came to fruition when an individual with the initials C.B.M. arrived at the Rochester Police Department Public Safety Building with a signed and notarized statement attempting to take responsibility for "the gun."  (*Id*.).

## II.    LEGAL STANDARD AND ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to U.S.S.G. § 1B1.10, a court "may" reduce a defendant's prison sentence where the Sentencing Guideline range is reduced pursuant to Part A of Amendment 821, as in Defendant's case.  Application Note 1(B) provides that a court "*shall* consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . ."  (emphasis added).  It also provides that a court "*shall* consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term

- 4 -

of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction. . . ." (emphasis added).  And it provides that a court "*may* consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . ."  (emphasis added). In other words, while post-sentence rehabilitative efforts may be considered by a court, they are not required to be considered (unlike the § 3553(a) factors and dangerousness risks).

Here, the Court has considered all the relevant § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of Defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of Defendant, and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the newly calculated Sentencing Guideline range; the policy statement set forth at U.S.S.G. § 1B1.10 and the relevant Application Note; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  And while recognizing that it is not required to consider it, the Court has also considered Defendant's post-sentence rehabilitative efforts.

Given the underlying nature of Defendant's conviction, coupled with his criminal history, the Court continues to believe that the 80-month prison sentence was reasonable,

appropriate, and sufficient but not greater than necessary to comply with the objectives of sentencing set forth at 18 U.S.C. § 3553(a).  Defendant was involved in the ongoing distribution of multiple dangerous illegal substances, including fentanyl which is lethal and has created devastation throughout communities.  When law enforcement searched his residence in June 2019 they seized two loaded firearms, despite the fact that it was illegal for Defendant to possess them.  These events occurred while Defendant was on parole for a state felony offense.  And then, Defendant attempted to orchestrate an effort to obstruct justice by soliciting another individual to take responsibility for the firearm(s).

The Court commends Defendant for his positive performance while incarcerated. As the Court previously recognized in addressing Defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), these steps may place him in a better position at the time he is released back into society.  But under the circumstances, particularly where the sentence imposed was part of a plea bargain in exchange for the government not pursuing a § 924(c)(1)(A) charge and supporting a concurrent sentence to Defendant's state parole sentence, the § 3553(a) factors do not warrant a sentence reduction.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant's counseled (Dkt. 50) and *pro se* (Dkt. 51) motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        February 22, 2024
              Rochester, New York